FOWLER METHODIST EPISCOPAL CHURCH OF LETCHER, SOUTH DAKOTA, et al., Appellants, v. THE CONGREGATIONAL CONFERENCE OF SOUTH DAKOTA, et al., Respondents.

(183 N. W. 129.)

(File No. 4792.   Opinion filed June 2, 1921.)

1. **Conveyancing—Deed to Church in Trust for Ministry and Members Subject to Discipline and Usage, Whether Church Title in Trust, or As Owner in Fee.**

A deed to a church corporation "in trust for the use and benefit of the ministry and members of the Methodist Episcopal Church," subject to the discipline, usage and ministerial appointment of said church, and if sold, the proceeds to be disposed of and used in accordance with the provisions of said discipline, was a transfer in trust, in accordance with the provisions of the discipline, and the grantee church did not hold title to same for itself as absolute owner in fee; title and use remaining under control of the church.

2. **Same—Realty Deed by Local Trustees of Methodist Church Appointed by General Methodist Episcopal Conference, Bishop Approving, Whether Conferring Authority on Trustees to Convey—Church Discipline, Power of Church Under.**

The discipline of the Methodist Episcopal Church provides that the General Conference be and with consent of the Bishop, is empowered to abandon, consolidate or unite church organizations, etc., and to sell and dispose of church property. **Held,** that where, in exercise of said power a local church organization at Letcher was abandoned, and the trustees of the local Methodist Episcopal Church at Lane, were by the General Methodist

Episcopal Conference, with approval of the Bishop and his cabinet, appointed trustees of the church property at Letcher, and authorized to transfer title to its property there to the Congregational Conference, pursuant to which trusteeship the trustees executed warranty deed thereof, the Congregational Church of Letcher taking possession of church property with fixtures, furniture, etc., such deed was authorized and conveyed title to the property; and the local Methodist Church at Letcher have no right in equity, or at law to restrain or interfere with the grantee in its ownership and control of the property.

Appeal from Circuit Court, Sanborn County. Hon. WILLIAM WILLIAMSON, Acting Judge.

Action by the Fowler Methodist Episcopal Church of Letcher, South Dakota, a corporation, and Laura Eitel and others as trustees of said corporation, against the Congregational Conference of South Dakota, a corporation, and the Congregational Church of Letcher, South Dakota, a corporation, to set aside a deed of conveyance, and to restrain the defendant Congregational Church of Letcher, from taking possession and disposing of the church property so conveyed. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Affirmed.

*Spangler & Wire,* for Appellants.
*Lauritz Miller,* for Respondents.

(1) To point one of the opinion, Appellants cited: Sec. 8879, Code 1919; Tigard v. Moffit, (Neb.) 14 N. W. 534.

(2) To point two, Appellants cited: Landrith v. Hudgins, 121 Tenn. 556, 120 S. W. 783; Boyles v. Roberts, 222 Mo. 613, 121 S. W. 805.

McCOY, J. Findings and judgment were in favor of defendants, and plaintiffs appeal.

There is but little, if any, dispute about the facts of this case. This action involves the validity of a deed of conveyance of certain real property situated in Letcher and formerly used for church purposes by the local M. E. Church. The church organization of the Fowler M. E. Church of Letcher, a local branch of the M. E. Church of America, was abandoned by the South Dakota M. E. Conference and the M. E. Church of America, acting by and through their duly authorized agents and trustees. The reasons for such abandonment were that the congregation was small and the support meager, and to such an

extent as would justify a discontinuance of further, church oper-
ations at said place on the part of the Conference and the M. E.
Church of America.    The local Congregational Church at Letcher
was also in a similar situation.    At the neighboring town of Lane
the local church situation was very similar to that of Letcher in
respect to the churches of both said denominations.    The Con-
ferences of both denominations entered into an arrangement by
which the Methodists would abandon their local church operations
at Letcher and the Congregationalists would likewise abandon
their church operations at the town of Lane, and that an ex-
change of church properties would be carried into effect.    The
general purpose of such arrangement was the consolidation of
said local church organizations at Letcher and Lane.    In pursu-
ance of such arrangement the local M. E. Church organization
at Letcher was abandoned, and the trustees of the local M. E.
Church at Lane were, by the general M. E. Conference, by and
with the approval of the Bishop and his cabinet, appointed to
be the trustees of the property of the Fowler M. E. Church at
Letcher, and authorized to transfer title to the church property
at Letcher to the Congregational Conference of South Dakota.
Thereafter, in accordance with the action of said Conference of
the M. E. Church and said Bishop, the said trustees of said M.
E. Church of Lane, on July 19, 1918, executed and delivered to
the Congregational Church of South Dakota a warranty deed of
conveyance for said real property.    Immediately after the execu-
tion and delivery of said deed, the Congregational Church of
Letcher took possession of said property and of the buildings and
fixtures thereon and began remodeling the same into a parsonage;
the floors were leveled, the ceilings lowered, partitions constructed,
etc., at an expense to exceed $600.    In September, 1918, the fix-
tures, furniture, pulpit, etc., were by the Congregational Church
of Letcher taken possession of and sold to third parties, of all of
which the appellants had due notice and knowledge.    In De-
cember, 1918, this action to restrain the Congregational Church
of Letcher and the Congregational Conference of South Dakota
from taking possession and disposing of said church property
was instituted.    No objections of any kind to the said taking
possession and disposing of said church property was made by
plaintiffs, or others, prior to the beginning of this action, al-

though due notice thereof had been duly given long prior thereto.

The effect of the assignments of error on this appeal is to question the validity of said deed of the said church property at Letcher. The vital contention of appellants is that the trustees of the local M. E. Church at Lane had no right or authority to convey the said property to the respondents. In 1898 the property in question was conveyed to the Fowler M. E. Church of Letcher by a deed containing the following provision:

"This property is deeded in trust for the use and benefit of the ministry and members of the Methodist Episcopal Church in the United States of America, subject to the discipline, usage and ministerial appointment of said church as from time to time authorized and declared, and if sold, the proceeds shall be disposed of and used in accordance with the provisions of said discipline."

[1] By virtue of this provision in said deed, the local church of Letcher held the legal title to said property in trust for the benefit, uses, and purposes of the general Methodist Episcopal Church of the United States, in accordance with provisions of the discipline, and did not hold title to the same for itself as absolute owner in fee. The title and use of said property was by the provisions of the discipline under the control of the M. E. Church of America.

[2] The discipline of the M. E. Church provides that the general conference, by and with the consent and approval of the Bishop, shall have power to abandon, consolidate, or unite church organizations, and to appoint one pastor for a united congregation; to sell and dispose of church property, and use the proceeds thereof for the use and purposes of said church in accordance with the provisions of the discipline.

After careful examination and consideration of the procedure of the M. E. Conference, the Bishop, and other officers, in relation to the abandonment of the local church organization at Letcher, the uniting of the organization with the organization at Lane, and the transferring of title to said property to respondents, we are of the opinion that they were acting clearly within their lawful authority conferred upon them by the discipline and by the laws of this state, and that said deed and transfer in question were legal and valid, and that appellants have no right

in equity, or law, to restrain or interfere with the Congregational Conference in its ownership and control of said real estate.

We have considered all assignments of error, and are of the opinion that no prejudicial error is shown to exist in the record.

The judgment and order appealed from are affirmed.